**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 2 9 2003

Judge David H. Coar
United States District Court

UNITED STATES OF AMERICA )
)
v. ) No. 02 CR 729
) Judge David H. Coar
REYES ("RAY") CARRILLO, )
PEDRO HERRERA )
MARIA MIRANDA and, )
LUZ GOMEZ )

**FILED**

JUL 2 9 2003

Judge David H. Coar
United States District Court

JURY INSTRUCTIONS

**DOCKETED**

JUL 3 1 2003

137

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, national ancestry, gender, or sexual orientation.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between all sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;
- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge a defendant's testimony in the same way that you judge the testimony of any other witness.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime that has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts that tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

It is proper for an attorney to interview any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

The indictment in this case is the formal method of accusing a defendant of an offense and placing that defendant on trial. It is not evidence against a defendant and does not create any inference of guilt.

Defendants Reyes Carrillo, Pedro Herrera and Maria Miranda are charged in Count One with conspiring with others to possess in excess of five kilograms of cocaine and in excess of one kilogram of heroin with intent to distribute it.

Defendants Reyes Carrillo and Maria Miranda are charged in Count Two with knowingly and intentionally importing in excess of one kilogram of heroin into the United States.

Defendants Reyes Carrillo and Maria Miranda are charged in Count Three with possessing in excess of one kilogram of heroin with intent to distribute it.

Defendant Reyes Carrillo is charged in Count Four with knowingly and intentionally importing in excess of one kilogram of heroin and a quantity of cocaine into the United States.

Defendant Reyes Carrillo is charged in Count Five with possessing in excess of one kilogram of heroin and a quantity of cocaine with intent to distribute it.

Defendants Reyes Carrillo and Pedro Herrera are charged in Count Six with attempting to possess in excess of five kilograms of cocaine with intent to distribute it.

Defendants Maria Miranda and Luz E. Gomez are charged in Count Seven with engaging in conduct causing bodily injury to another

person with intent to retaliate against that person for providing information to law enforcement officers.

Each defendant has pleaded not guilty to the charges.

Each defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that a defendant is guilty as charged. The government has the burden of proving the guilt of a defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. A defendant is never required to prove his or her innocence or to produce any evidence at all.

A defendant has an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have received evidence of statements said to be made by Pedro Herrera to DEA Special Agents, and statements made by Maria Miranda and Luz E. Gomez to Police Officers and DEA Special Agents. You must decide whether a defendant did in fact make the statements attributed to him or her.  If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve.  In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant  herself or himself and the circumstances under which the statements were made.

You may not consider the statements made by Pedro Herrera to DEA Special Agents as evidence against any other defendant.

You have heard evidence of acts of Reyes Carrillo and Pedro Herrera other than those charged in the indictment. You may consider this evidence only on the question of those two defendants' plan, pattern, and knowledge. You should consider this evidence only for this limited purpose.

A statement made by a defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of that defendant's testimony in this trial.

You have heard testimony from Oscar Diaz who:

(a) received immunity; that is, a promise from the government that any testimony or other information he provided would not be used against him in a criminal case.

(b) received benefits from the government in connection with this and other cases, including approximately $85,000. and

(c) stated that he was involved in the commission of the offense as charged against certain of the defendants.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

Certain summaries are in evidence.  They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

Sometimes the government utilizes undercover agents who may conceal their true identities in order to investigate suspected violations of law. In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses, subterfuges and employ investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation.

Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the defendant committed the offense charged in the indictment, the fact that the government made use of investigative techniques that deceive is not relevant to your determination.

Among the exhibits admitted during the trial were recordings that contained conversations in the Spanish language. You were also provided with English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

The indictment charges that the offense was committed "on or about" certain dates.  The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offense happened on those dates.

You have heard evidence that before the trial witnesses made statements that may be inconsistent with the witnesses' testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement in deciding the truthfulness and accuracy of that witness' testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement.

Even though the defendants are being tried together, you must give each of them separate consideration.  In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against some other defendant or defendants.  Each defendant is entitled to have his/her case decided on the evidence and the law that applies to that defendant.

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give separate consideration both to each count and to each defendant.   You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each defendant and as to each count.   Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion and indifference to the truth.  If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut his or her eyes for fear of what he or she would learn, you may conclude that he or she acted knowingly, as I have used that word.  You may not conclude that the defendant had knowledge if he or she was merely negligent in not discovering the truth.

To "attempt" means that the defendant knowingly took a substantial step toward the commission of an offense with the intent to commit that offense.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count One existed, and

Second, that a defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, a defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that a defendant was aware of the common purpose and was a willing participant.

A conspirator is responsible for offenses committed by his/her fellow conspirators if he/she was a member of the conspiracy at the time the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count One, and if you find beyond a reasonable doubt that while he/she was a member of the conspiracy, his/her fellow conspirators committed the offenses in Counts Two, Three, Four, Five, Six and Seven in furtherance of and as a foreseeable consequence of that conspiracy, then you should find him/her guilty of Counts Two, Three, Four, Five Six and Seven, where they are charged in those Counts.

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell the cocaine and heroin.   The fact that a defendant may have bought cocaine from another person or sold cocaine to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors:

(1) Whether the transaction involved large quantities of cocaine and heroin;

(2) Whether the parties had a standardized way of doing business over time;

(3) Whether the sales were on credit or on consignment;

(4) Whether the parties had a continuing drug relationship;

(5) Whether the seller had a financial stake in a resale by the buyer;

(6) Whether the parties had an understanding that the cocaine and heroin would be resold.

No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

A defendant's association with conspirators is not by itself sufficient to prove his/her participation or membership in a conspiracy.

If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

To sustain the charge of importation of a controlled substance as charged in Count Two, the government must prove the following propositions:

First, the defendant imported heroin into the United States; and

Second, the defendant knew the substance was a controlled substance;

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

To sustain the charge of importation of a controlled substance as charged in Count Four, the government must prove the following propositions:

First, the defendant imported heroin and cocaine into the United States; and

Second, the defendant knew the substances were a controlled substances;

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

The term "import" means that the substance in question was brought from a point outside the United States into the United States.

I instruct you that cocaine and heroin both are narcotic drugs and controlled substances.

To sustain the charge of possession of heroin with intent to distribute as charged in Count Three, the government must prove the following propositions:

First, a defendant knowingly or intentionally possessed heroin; and

Second, that defendant possessed heroin with the intent to deliver it to another person.

It does not matter whether the defendant knew the substance was heroin.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

To sustain the charge of possession of cocaine and heroin with intent to distribute as charged in Count Five, the government must prove the following propositions:

First, a defendant knowingly or intentionally possessed heroin or cocaine; and

Second, that defendant possessed the heroin or cocaine with the intent to deliver it to another person.

It does not matter whether the defendant knew the substance was heroin or cocaine. It is sufficient that the defendant knew that it was some kind of prohibited drug.

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

To sustain the charge of attempted possession of cocaine with intent to distribute it as charged in Count Six, the government must prove the following propositions:

First, a defendant knowingly or intentionally attempted to possess cocaine; and

Second, that defendant attempted to possess cocaine with the intent to deliver it to another person.

The focus is on the actions and intent of the alleged buyer. It is not necessary whether Oscar Diaz actually possessed cocaine.

If you find from your consideration of all the evidence that both of these propositions have been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction and control over it, either directly or through others.

To sustain the charge in Count Seven of the indictment, the government must prove the following propositions:

First, a defendant knew or believed that Oscar Diaz had provided information to law enforcement officers about a federal offense;

Second, the defendant knowingly caused, attempted to cause, or threatened to cause bodily injury to Oscar Diaz; and

Third, the defendant knowingly engaged in such conduct with intent to retaliate against Oscar Diaz for providing information to law enforcement officers about a federal offense.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty as charged in Count Seven.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty as charged in Count Seven.

DEA Special Agents and Task Force Agents are law enforcement officers for purposes of Count Seven.

An offense may be committed by more than one person.   A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal nature of the activity, participate in the activity, and try to make it succeed.

If a defendant knowingly caused the acts of another, that defendant is responsible for those acts as though he/she personally committed them.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Note that if you find a defendant guilty on any count, you must go on to answer interrogatories as to the amount and type of drugs involved. Remember that in answering these interrogatories it is the government's burden to prove the amount and type of drugs involved beyond a reasonable doubt.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

I do not anticipate that you will need to communicate with me.
If you do, however, the only proper way is in writing, signed by the
foreperson, or if he or she is unwilling to do so, by some other
juror, and given to the marshal. If you are in disagreement, please
do not indicate your numerical division in any note that you send
to me.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 02 CR 279 |
| | ) | |
| REYES ("RAY") CARRILLO | ) | Hon. Judge David H. Coar |

## <u>V E R D I C T</u>

1.   With respect to **COUNT ONE** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO,**

   GUILTY _____          NOT GUILTY _____

   If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT ONE**, answer the following interrogatories. If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT ONE**, continue on to the next count without completing the interrogatories below.

   The amount of heroin or cocaine involved in **COUNT ONE** is equal to (1) the amount that you find defendant **REYES "RAY" CARRILLO** conspired to possess with intent to distribute, plus (2) any amounts that you find that the defendant's conspirators, in furtherance of the conspiracy, agreed to possess with intent to distribute, and that were known or reasonably foreseeable to **REYES "RAY" CARRILLO.**

We, the jury, find that heroin **WAS____   WAS NOT ____** involved.

The amount of heroin involved was:

### CHECK ONE LINE

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____

We, the jury, find that cocaine **WAS**_____ **WAS NOT** _____ involved.

The amount of cocaine involved was:

<u>CHECK ONE LINE</u>

At least
five kilograms
of cocaine                  _____

At least 500 grams
but less than
five kilograms
of cocaine                  _____

Less than
500 grams
of cocaine                  _____

**2.**     With respect to **COUNT TWO** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO**,

GUILTY _____                    NOT GUILTY _____

If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT TWO**, answer the following interrogatory.  If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT TWO**, continue on to the next count without completing the interrogatory below.

We, the jury, find that the amount of heroin involved in **COUNT TWO** that has been proved is as marked below:

## <u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____

3.    With respect to **COUNT THREE** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO**,

GUILTY _____          NOT GUILTY _____

If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT THREE**, answer the following interrogatory. If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT THREE**, continue on to the next count without completing the interrogatory below.

We, the jury, find that the amount of heroin involved in **COUNT THREE** that has been proved is as marked below:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____

-4-

4.      With respect to **COUNT FOUR** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO**,

GUILTY _____                    NOT GUILTY _____

If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT FOUR**, answer the following interrogatories. If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT FOUR**, continue on to the next count without completing the interrogatories below.

We, the jury, find that heroin **WAS**____ **WAS NOT** ____ involved.

The amount of heroin involved was:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____


We, the jury, find that cocaine **WAS**____ **WAS NOT** ____ involved.

<u>CHECK ONE LINE</u>

The amount of cocaine involved was:

Less than
500 grams
of cocaine                   _____

-5-

5.   With respect to **COUNT FIVE** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO**,

GUILTY _____                    NOT GUILTY _____

If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT FIVE**, answer the following interrogatories. If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT FIVE**, continue on to the next count without completing the interrogatories below.

We, the jury, find that heroin **WAS**\_\_\_ **WAS NOT** \_\_\_\_ involved.

The amount of heroin involved was:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                     _____

At least 100 grams
but less than
one kilogram
of heroin                     _____

Less than
100 grams
of heroin                     _____

We, the jury, find that cocaine **WAS**\_\_\_ **WAS NOT** \_\_\_\_ involved.

The amount of cocaine involved was:

<u>CHECK ONE LINE</u>

Less than
500 grams
of cocaine                    _____

6.  With respect to **COUNT SIX** of the superseding indictment, we, the jury, find defendant **REYES "RAY" CARRILLO,**

GUILTY _____                    NOT GUILTY _____

If you find defendant **REYES "RAY" CARRILLO** guilty with respect to **COUNT SIX,** answer the following interrogatory.  If you find defendant **REYES "RAY" CARRILLO** not guilty with respect to **COUNT SIX,** do not complete the interrogatory below.

We, the jury, find that the amount of cocaine involved in **COUNT SIX** that has been proved is as marked below:

<u>CHECK ONE LINE</u>

At least
five kilograms
of cocaine                 _____

At least 500 grams
but less than
five kilograms
of cocaine                 _____

Less than
500 grams
of cocaine                 _____

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

                                   _____
                                           DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 02 CR 279 |
| | ) |
| PEDRO HERRERA | ) Hon. Judge David H. Coar |

## V E R D I C T

1.     With respect to **COUNT ONE** of the superseding indictment, we, the jury, find defendant **PEDRO HERRERA,**

GUILTY _____                    NOT GUILTY _____

If you find defendant **PEDRO HERRERA** guilty with respect to **COUNT ONE**, answer the following interrogatories.  If you find defendant **PEDRO HERRERA** not guilty with respect to **COUNT ONE**, continue on to the next count without completing the interrogatories below.

The amount of heroin or cocaine involved in **COUNT ONE** is equal to (1) the amount that you find defendant **PEDRO HERRERA** conspired to possess with intent to distribute, plus (2) any amounts that you find that the defendant's conspirators, in furtherance of the conspiracy, agreed to possess with intent to distribute, and that were known or reasonably foreseeable to **PEDRO HERRERA.**

We, the jury, find that heroin **WAS**____ **WAS NOT** ____ involved.

The amount of heroin involved was:

### CHECK ONE LINE

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____

We, the jury, find that cocaine **WAS____  WAS NOT ____** involved.

The amount of cocaine involved was:

### CHECK ONE LINE

At least
five kilograms
of cocaine                        _____

At least 500 grams
but less than
five kilograms
of cocaine                        _____

Less than
500 grams
of cocaine                        _____

2.    With respect to **COUNT SIX** of the superseding indictment, we, the jury, find defendant **PEDRO HERRERA**,

GUILTY _____                    NOT GUILTY _____

If you find defendant **PEDRO HERRERA** guilty with respect to **COUNT SIX**, answer the following interrogatory.  If you find defendant **PEDRO HERRERA** not guilty with respect to **COUNT SIX**, do not read the interrogatory below.

We, the jury, find that the amount of cocaine involved in **COUNT SIX** that has been proved is as marked below:

<u>CHECK ONE LINE</u>

At least
five kilograms
of cocaine                    _____

At least 500 grams
but less than
five kilograms
of cocaine                    _____

Less than
500 grams
of cocaine                    _____

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

                                          _____
                                                        DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 02 CR 279 |
| | ) | |
| MARIA MIRANDA | ) | Hon. Judge David H. Coar |

## V E R D I C T

1.  With respect to **COUNT ONE** of the superseding indictment, we, the jury, find defendant **MARIA MIRANDA**,

GUILTY _____           NOT GUILTY _____

If you find defendant **MARIA MIRANDA** guilty with respect to **COUNT ONE**, answer the following interrogatories. If you find defendant **MARIA MIRANDA** not guilty with respect to **COUNT ONE**, continue on to the next count without completing the interrogatories below.

The amount of heroin or cocaine involved in **COUNT ONE** is equal to (1) the amount that you find defendant **MARIA MIRANDA** conspired to possess with intent to distribute, plus (2) any amounts that you find that the defendant's conspirators, in furtherance of the conspiracy, agreed to possess with intent to distribute, and that were known or reasonably foreseeable to **MARIA MIRANDA**.

We, the jury, find that heroin **WAS____ WAS NOT _____** involved.

The amount of heroin involved was:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                    _____

At least 100 grams
but less than
one kilogram
of heroin                    _____

Less than
100 grams
of heroin                    _____

We, the jury, find that cocaine **WAS**_____ **WAS NOT** _____ involved.

The amount of cocaine involved was:

<u>CHECK ONE LINE</u>

At least
five kilograms
of cocaine                     _____

At least 500 grams
but less than
five kilograms
of cocaine                     _____

Less than
500 grams
of cocaine                     _____

2.   With respect to **COUNT TWO** of the superseding indictment, we, the jury, find defendant **MARIA MIRANDA**,

GUILTY _____                    NOT GUILTY _____

If you find defendant **MARIA MIRANDA** guilty with respect to **COUNT TWO**, answer the following interrogatory. If you find defendant **MARIA MIRANDA** not guilty with respect to **COUNT TWO**, continue on to the next count without completing the interrogatory below.

We, the jury, find that the amount of heroin involved in **COUNT TWO** that has been proved is as marked below:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin                      _____

At least 100 grams
but less than
one kilogram
of heroin                      _____

Less than
100 grams
of heroin                      _____

-3-

**3.**   With respect to **COUNT THREE** of the superseding indictment, we, the jury, find defendant **MARIA MIRANDA**,

GUILTY _____          NOT GUILTY _____

If you find defendant **MARIA MIRANDA** guilty with respect to **COUNT THREE**, answer the following interrogatory.  If you find defendant **MARIA MIRANDA** not guilty with respect to **COUNT THREE**, continue on to the next count without completing the interrogatory below.

We, the jury, find that the amount of heroin involved in **COUNT THREE** that has been proved is as marked below:

<u>CHECK ONE LINE</u>

At least
one kilogram
of heroin          _____

At least 100 grams
but less than
one kilogram
of heroin          _____

Less than
100 grams
of heroin          _____

-4-

4.   With respect to **COUNT SEVEN** of the superseding indictment, we, the jury, find defendant **MARIA MIRANDA**,

GUILTY _____          NOT GUILTY _____


_____          _____
FOREPERSON


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


                                   _____
                                   DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 02 CR 279 |
| | ) | |
| LUZ GOMEZ | ) | Hon. Judge David H. Coar |

## VERDICT

1.   With respect to **COUNT SEVEN** of the superseding indictment, we, the jury, find defendant **LUZ GOMEZ**,

GUILTY _____          NOT GUILTY _____


_____                    _____
FOREPERSON


_____                    _____


_____                    _____


_____                    _____


_____                    _____


_____                    _____


                                           _____
                                                    DATE