**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **PEDRO HERRERA**, Defendant. | ) ) ) ) **No. 02 CR 729-2** ) ) **HONORABLE DAVID H. COAR** ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a limited remand from the Seventh Circuit Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This Court is charged with determining whether it would have imposed a different sentence on Appellant/Defendant Pedro Herrera ("Defendant"), had the Federal Sentencing Guidelines ("Guidelines") been considered advisory rather than mandatory at the time of sentencing. After reviewing the parties' submissions[1] and the pre-sentence report, this Court concludes that it would have applied the same sentence.

**BACKGROUND**

On December 10, 2002, Defendant was indicted on one count of conspiracy to possess with intent to distribute heroin and cocaine (Count I), and a second count of attempting to possess with intent to distribute cocaine (Count VI), both in violation of 21 U.S.C. § 846. On

---

[1]Defendant Herrera filed a position paper on this issue on November 29, 2006, well after the deadline of September 14, 2006, and without providing proper notice as required by Local Rule 5.3. In any event, this Court has considered the factors included in that paper.

July 30, 2003, a jury found Defendant guilty of both counts. Sentencing took place on November 5, 2003, at which point this Court overruled Defendant's objection that the drug amount attributed to him was too large, and also overruled his objection that a two-level enhancement for reckless endangerment during flight was not warranted under Guidelines § 3C1.2. Applying the resultant offense level of 40 and a criminal history category of III, the sentencing range under the guidelines was 360 months to life imprisonment. This Court expressed no desire to move outside of this range, but sentenced Defendant to 360 months, the lowest possible sentence.

On appeal, the Seventh Circuit affirmed but issued a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). The Government filed a position paper on the *Paladino* issue, which this Court has reviewed along with the factors of 18 U.S.C. §3553 as they apply to this case.

## LEGAL BACKGROUND

Congress promulgated the Guidelines in 1987. *See* 18 U.S.C. §3553; *see also United States v. Hanhardt*, 424 F.Supp.2d 1065, 1073 (N.D.Ill. 2006). In *Booker*, the Supreme Court concluded that mandatory imposition of the sentences set out in the Guidelines, without the use of a jury as factfinder, on certain issues violated the Sixth Amendment. *See Booker*, 543 U.S. 220. If the Guidelines had not been considered mandatory, the Supreme Court noted, no Sixth Amendment problem would have been raised. *See id.* at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise

broad discretion in imposing a sentence within a statutory range.") (citations omitted); *see also United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005) ("With the guidelines now merely advisory, factfindings that determine the guidelines sentence do not determine the actual sentence, because the sentencing judge is not required to impose the guidelines sentence; and so the Sixth Amendment is not in play.").

In response, some defendants sentenced in the Seventh Circuit before the *Booker* decision "are now given limited remands to re-evaluate their sentences under the factors contained in 18 U.S.C. §3553." *Hanhardt*, 424 F.Supp.2d at 1073 (citing *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *Paladino*, 401 F.3d at 484). These limited remands – or "*Paladino* remands" – are meant only to enable the district judge to signal to the Court of Appeals "whether [the defendant's] sentence would have been different had the Guidelines been applied as advisory rather than mandatory." *Id.* (citing *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005); *Paladino*, 401 F.3d at 484).

When considering the remand, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "Therefore, the defendants must rebut the presumption of reasonableness attached to the Guidelines sentences 'by demonstrating that [their] sentence[s][are] unreasonable when measured against the factors set forth in [18 U.S.C.] §3553(a)'." *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006) (citations omitted). These factors include the nature and circumstances of the offence, §3553(a)(1); the history and characteristics of the defendant, §3553(a)(1); the kinds of sentences available, §3553(a)(3); the sentencing range established under the Guidelines (subject to amendment), §3553(a)(4); any

pertinent policy statement issued by the U.S. Sentencing Commission (subject to amendment), §3553(a)(5); the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, §3553(a)(6); and the need to provide restitution to any victims of the offense, §3553(a)(7). In addition, the sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational, medical, or correctional treatment. *See* 18 U.S.C. § 3553.

## ANALYSIS

Defendant has advanced no argument that this court would likely have ruled differently had the guidelines been advisory. For that reason, a lengthy analysis is unnecessary; the Seventh Circuit recently noted that "[o]n a *Paladino* remand a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against §3553(a)." *Spano*, 447 F.3d 517 (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). The Court of Appeals clarified: "[a]nd the need for a judge to explain in detail his consideration of the §3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants...When the judge is not presented with much, he need not explain much." *Id. (*citation omitted).

This Court adopted the determination of Defendant's criminal history found in the pre-sentence report. Based upon a single past conviction for possession with intent to distribute cocaine that took place in 2000, and because he executed the instant crime while still on supervised release following that prior conviction, Defendant was given six criminal history

points for a criminal history category of III. In light of this past, the criminal history category was in no way inappropriate for Defendant's situation.

Defendant was found guilty of conspiracy and possession with intent to distribute tremendous amounts of heroin and cocaine, amounting to the marijuana equivalent of more than 30,000 kilograms and a base offense level of 38 pursuant to §2D1.1(c)(1). This was the minimum possible drug amount based upon the estimates at trial. While the total drug amount attributable to Defendant was challenged at sentencing, this Court overruled the objections and found that there was more than sufficient evidence to attribute that offense level to his actions. The offense level of 38 that was determined by applying the guidelines resulted in a fair and accurate result that reflected the magnitude of the crime, and this Court believes its decision would have been no different had the Guidelines been advisory at the time.

There was clear evidence that Defendant did in fact flee from police officers, which warranted a 2-point adjustment for obstruction of justice under §3C1.2. Such an increase, in light of the importance of deterring such behavior and and preventing unnecessary risk to law enforcement personnel, would have been appropriate regardless of whether or not the Guidelines were mandatory.

Without any hesitation or complaint about the structure of the Guidelines as applied to the Defendant, this Court determined a sentence of 360 months, at the low end of then-mandatory range. Though there were some expressions of sympathy for the Defendant, whose productive life would for all intents and purposes be terminated by this sentence, this Court was not compelled, nor is it now compelled, to deviate from the Guidelines established by Congress. Defendant was found guilty of attempting to disrtrubute a large amount of narcotics, closely on

the heels of a prior conviction, and recklessly attempted to avoid arrest when it was clear that his situation might have been compromised by law enforcement. In order to reflect the seriousness of the offense, promote respect for the law, adequately deter similar crimes in the future, and protect the public, a sentence of 360 months incarceration was, and is, appropriate.

At this stage, this Court reviews whether it would have imposed the same sentence if operating under the understanding that the Guidelines are advisory. The presumption is that the original sentence imposed is reasonable; Defendant is required to rebut that presumption but has failed to do so, and this court sees no reason to think that its own ruling would have been any different had *Booker* been decided before the sentencing in question took place. Sentencing Defendant below the Guideline range would "subvert the goals of the U.S. Sentencing Commission and lead to unwarranted sentencing disparities which would in turn fail to protect the public." *Spano*, 411 F.Supp.2d at 941.

## CONCLUSION

For the foregoing reasons, this Court concludes that it would have given Defendant the same sentence of 360 months if the Guidelines had been advisory rather than mandatory.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **November 30, 2006**